TOM DENNEY v. THE STATE.

No. 3929. Decided June 6, 1908.

**Theft—Insufficiency of Evidence—Accomplice.**

Where upon trial of theft the testimony of the accomplice was not corroborated, and the other testimony in the case was insufficient to justify the verdict, the conviction cannot be sustained.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of theft over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The court gave the usual charge on principals, and a general definition of accomplices, and further that the witness Williams was an accomplice, and informed the jury that

a conviction could not be had upon his testimony unless the same was found to be true and corroborated sufficiently to connect the defendant with the offense. Appellant requested the court to charge the jury as follows: "You are instructed to return a verdict in favor of the defendant in this case, as the law demands that the testimony of the accomplice, Harvey Williams, be corroborated, and as such testimony has not been corroborated as the law requires you will acquit the defendant." This charge was refused. The question is also presented from the standpoint that the evidence is insufficient to justify the verdict. We are of opinion that this contention of appellant is correct. The evidence shows conclusively there was a burglary, and a safe taken from the house; that the safe contained $250. The safe was taken out to the edge of the city of San Antonio and the parties taking it undertook to enter the safe but made a failure. It was recovered the next morning, and all of the money was found in the safe. Williams, the accomplice, testified that three of them entered the house but could not handle the safe. One of them sought and secured appellant's services to take the safe out. That he assisted them in both taking it out and trying to enter it. That, leaving the safe where found, they returned to appellant's room and spent the remainder of the night. At the place where the safe was discovered there was found what the witnesses termed a manila envelope. Williams testified that he took an envelope from appellant's room in which he placed some powder for the purpose of blowing open the safe. That when he went to appellant's house to secure his services, appellant also took a similar envelope, placing some powder in it, and in a general way, from his testimony, it may be inferred they carried these envelopes to the place where the safe was found. An inspection of appellant's room revealed the fact that he had envelopes of a similar kind. It is not shown by the accomplice whose envelope was left at the place where the safe was found. The envelope phase of the testimony is the only corroboration in the record, if it be corroboration. Omitting that one circumstance, as we understand the record, there is nothing to indicate appellant's participancy in the theft. We are of opinion this corroboration is not sufficient.

For want of sufficient testimony to justify the conviction, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Brooks, Judge, absent.